UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDACE SMITH,<br><br>            Plaintiff,<br><br>       v.<br><br>DANNETTE NOVOA,<br><br>            Defendant. | Case No. 1:24-cv-00199-SKO<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS FOR FAILURE TO STATE A CLAIM AND LACK OF JURISDICTION**<br><br>(Doc. 1)<br><br>**21-DAY DEADLINE**<br><br>Clerk to Assign District Judge |

## I.     INTRODUCTION

**A.     Background**

On February 14, 2024, Plaintiff Candace Smith proceeding *pro se*, filed a civil action. (Doc. 1.) Plaintiff also filed an application to proceed *in forma pauperis*, which she amended pursuant to the Court's order. (Docs. 1-4.) Following amendment of her application, Plaintiff was granted *in forma pauperis* status on February 22, 2024. (Doc. 5.)

Plaintiff's complaint is now before the Court for screening. The undersigned finds that Plaintiff has not stated a cognizable claim or a basis for federal jurisdiction and will recommend that this action be dismissed without prejudice and without leave to amend for failure to state a claim upon which relief may be granted and lack of jurisdiction.

**B.     Screening Requirement and Standard**

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen

1 each case and shall dismiss the case at any time if the Court determines the allegation of poverty is
2 untrue, or the action is frivolous or malicious, fails to state a claim upon which relief may be granted,
3 or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §
4 1915(e)(2). If the Court determines that a complaint fails to state a claim, leave to amend may be
5 granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v.*
6 *Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

7 The Court's screening of a complaint under 28 U.S.C. § 1915(e)(2) is governed by the
8 following standards. A complaint may be dismissed as a matter of law for failure to state a claim
9 for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable
10 legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff
11 must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant
12 fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See, e.g.*, *Brazil*
13 *v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798
14 (9th Cir. 1991).

15 **C.     Summary of the Complaint**

16 Plaintiff prepared her complaint using the general complaint form provided by this Court.
17 The complaint lists Dannette Novoa as the defendant. (Doc. 1 at 2.) In the section titled "Basis for
18 Jurisdiction," neither "Federal question" nor "Diversity of citizenship" is selected. (*Id*. at 3.)
19 Plaintiff states that she and Defendant are citizens of California in the section titled "If the Basis for
20 Jurisdiction is Diversity of Citizenship." (*Id*. at 4.) The "Amount in Controversy" is listed as "more
21 than 100,000 up." (*Id*. at 5.)

22 The "Statement of Claim" section of the complaint reads:
23 Upon such Dannette Novoa is believe have intentional used her vehicle as a means
   for weapon causing a great car crash. Committing vehicular attempted man
24 slaughter under penal code
25 (Doc. 1 at 5.) As for the relief sought, Plaintiff writes, "punitive physical & car damages, other."
26 (*Id*. at 6.)

27 The Civil Cover Sheet lists the nature of suit as "motor vehicle," and the cause of action is
28 described as "motor vehicle accident under attempted vehicular manslaughter." (Doc. 1-1.)

**D.      Pleading Requirements Under Federal Rule of Civil Procedure 8(a)**

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks and citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* litigants liberally and affords them the benefit of any doubt.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not their legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989).  Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

## II.      DISCUSSION

**A.      Plaintiff Has Not Pled Any Cognizable Basis for Federal Court Jurisdiction**

**1.      Legal Standard**

Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to

1 that granted by Congress. *U.S. v. Sumner*, 226 F.3d 1005, 1009 (9th Cir. 2000). Federal courts are
2 presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests
3 upon the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).
4 Generally, there are two bases for subject matter jurisdiction: federal question jurisdiction and
5 diversity jurisdiction. 28 U.S.C. §§ 1331, 1332.

6 Pursuant to 28 U.S.C. § 1331, federal district courts have federal question jurisdiction over
7 "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case
8 'arises under' federal law either where federal law creates the cause of action or 'where the
9 vindication of a right under state law necessarily turn[s] on some construction of federal law.'"
10 *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise
11 Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). The presence or absence
12 of federal question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc.
13 v. Williams*, 482 U.S. 386, 392 (1987). Under this rule, "federal jurisdiction exists only when a
14 federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

15 Pursuant to 28 U.S.C. § 1332, district courts have diversity jurisdiction only over "all civil
16 actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest
17 and costs," and the action is between: (1) "citizens of different States;" (2) "citizens of a State and
18 citizens or subjects of a foreign state;" (3) "citizens of different States and in which citizens or
19 subjects of a foreign state are additional parties;" and (4) "a foreign state . . . as plaintiff and citizens
20 of a State or of different States."

21 This Court has an independent duty to consider its own subject-matter jurisdiction, whether
22 or not the issue is raised by the parties, (*id.*,) and must dismiss an action over which it lacks
23 jurisdiction. Fed. R. Civ. P. 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d
24 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of
25 jurisdiction."). The burden is on the federal plaintiff to allege facts establishing that jurisdiction
26 exists to hear their claim(s). *See Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996) ("A party
27 invoking the federal court's jurisdiction has the burden of proving the actual existence of subject
28 matter jurisdiction.").

4

**2.     Analysis**

Plaintiff appears to assert a claim for "attempted vehicular manslaughter" under the "penal code." (Doc. 1 at 5; Doc. 1-1.) "[S]uch criminal claims may not be pursued in a civil lawsuit." *Grimes v. A1-Auto Care*, No. 21-cv-02093-LL-BLM, 2022 WL 959273, at *3 (S.D. Cal. Mar. 30, 2022). *See United States v. Duran*, 41 F.3d 540, 544 (9th Cir. 1994) ("If the prosecutor has probable cause to believe a defendant committed a crime, the decision of whether to prosecute and the charges to be filed rests with the prosecutor."). Plaintiff has not articulated any cognizable federal claim over which this Court may assert federal question jurisdiction under 28 U.S.C. § 1331. To the extent that Plaintiff intends to pursue a claim for bodily harm or property damage against Defendant arising out of the alleged "car crash," such a claim would be a state law claim sounding in tort, not a federal claim.

The Court must determine whether there is complete diversity between the parties to invoke jurisdiction to hear such a state law claim. Plaintiff alleges she and Defendant are citizens of California. (Doc. 1 at 4.) Since Plaintiff and Defendant are citizens of the same state, complete diversity is lacking and Plaintiff cannot proceed in federal court based on diversity jurisdiction. *Garcia-Cardenas v. Immigration Legal Servs., APC*, No. 1:13-CV-01065-AWI, 2013 WL 4542223, at *2 (E.D. Cal. Aug. 27, 2013) (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806) (no plaintiff can be a citizen of the same state as any of the defendants)). Because there is no subject matter jurisdiction, this Court must recommend dismissal.

**B.     Leave to Amend Would Be Futile**

When dismissing a complaint, the Ninth Circuit has stated that "leave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts." *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotation marks omitted); *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996). If it is clear after careful consideration that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *see also Hartmann v. CDCR*, 707 F.3d 1114, 1130 (9th Cir. 2013); *accord Lopez*, 203 F.3d at 1129 ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

5

The complaint has not set forth any cognizable federal claim, and there is no diversity jurisdiction over any state law claim due to a lack of complete diversity of citizenship. Because Plaintiff has failed to plead facts invoking the Court's jurisdiction, the complaint should be dismissed without prejudice. Moreover, amendment would be futile because there is no set of facts Plaintiff could allege in an amended complaint to establish the Court's jurisdiction over her claim. The undersigned recommends denying leave to amend because amendment would be futile.

### III.     CONCLUSION AND RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that this action be dismissed without prejudice and without leave to amend. The Clerk of Court is DIRECTED to assign a District Judge to this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). **Within twenty-one (21) days after being served with these Findings and Recommendation**, any party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 28, 2024**              /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE